UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DRUE FERGUSON, <br> Plaintiff | ) <br> ) <br> ) |
| v. | )     No. 07 C 4694 <br> ) <br> )     Judge Castillo <br> ) |
| R. JAMES NICHOLSON, <br> Secretary, United States <br> Department of Veterans Affairs, <br> Defendant | ) <br> ) <br> ) <br> ) |

## MOTION FOR ENTRY OF JUDGMENT

NOW COMES THE PLAINTIFF, DRUE FERGUSON, through his attorney, SHEILA S. YORK, and pursuant to Rule 55 of the Federal Rules of Civil Procedure, hereby moves this Court for an entry of judgment against Defendant, R. James Nicholson for its failure to file an appearance or answer, or otherwise plead to Plaintiff's Complaint. In support thereof, Plaintiff states the following:

A Complaint in the above-captioned action was filed with this Court on August 20, 2007. The Complaint was against Defendant R. James Nicholson, Secretary of the Department of Veterans Affairs. A copy of the Complaint and summons was served on Defendant Nicholson by certified mail, and return receipt thereof acknowledged by Defendant on September 10, 2007 (*See* Receipt of Certified Mail, attached hereto as Exhibit A). A copy of the Complaint and summons was personally delivered to the office of the U.S. Attorney, Patrick J. Fitzgerald on August 20, 2007. A copy of the Complaint and summons was served on Attorney General, Alberto R. Gonzales by certified mail, and return receipt thereof acknowledged by the Attorney General on August 24, 2007 (*See* Exhibit A).

On November 7, 2007, Plaintiff's attorney appeared, in chambers, before Judge Castillo for a settlement conference. The attempted settlement conference could not proceed because of Defendants failure to appear. On November 7, 2007, this Court entered a default against Defendants for its failure to timely appear, answer or otherwise plead to the complaint. (*See* Docket Entry, attached as Exhibit B).

Contrary to Rule 4 of the Federal Rules of Civil Procedure, Defendants have failed to file an appearance, an answer or otherwise respond to Plaintiff's Complaint within the period of time prescribed in the Federal Rules of Civil Procedure. To date, over four months has passed after filing Plaintiff's Complaint, and Defendant Nicholson has yet to file an appearance, an answer or otherwise respond. Rule 55 of the Federal Rules of Civil Procedure provide: *Judgment by default may be entered by the Court. [T]he party entitled to a judgment by default shall apply to the court thereof.* Rule 58 of the Federal Rules of Civil Procedure provide: *Request for Entry. A party may request that judgment be set forth on a separate document.*

Pursuant to Rule 55, 58 and to this Court's Order, Plaintiff now submits this Motion and attached Affidavit which establish and prove that Defendants engaged in discriminatory and retaliatory practices against Plaintiff, in the amount of $249,073.00. As set forth herein, the evidence warrants entry of judgment in this amount.

**I.     Introduction**

Plaintiff brought this action for equitable relief and damages for violations of his federally protected rights, including race and gender discrimination and retaliation.

Plaintiff is an African American male employed as Lead Dialysis with the Hines VA. Plaintiff is the only African American male in the Dialysis Unit and has more seniority than any other dialysis technician at the Hines VA. Plaintiff has over 40 years of experience in the field of dialysis technology and instruction. In 1999, Plaintiff was recruited for the position of Dialysis Technologist with the Hines V.A. In 2000, Plaintiff received a performance award from Defendants. In 2001, Plaintiff was promoted to his current position, Lead Dialysis. Since 2001, Plaintiff continues to exemplify excellence in performing his job duties, maintaining a good rapport with co-workers and staff and has been punctual and present on his designated work days.

In October 2003, at the request of his supervisor, Plaintiff gave testimony in a proceeding relating to a former employee of the agency. Within less than 90 days, after he gave testimony in the proceeding, Plaintiff began experiencing continuous discriminatory and retaliatory practices employed against him by

Defendants. By reasons of Defendants actions, Plaintiff was given janitorial duties, which were not included in his job description. Without justification, Plaintiff's job description was downgraded to reflect loss of supervisory status and duties. Plaintiff's work duties were given to untrained and younger employees. Plaintiff was charged with tardiness and marked for attendance issues. Without prior sick leave warning, Plaintiff was placed on sick leave restriction. Subsequently, Plaintiff succumbed a heart attack. During this time, Plaintiff called in and requested use of his sick time, however Plaintiff was marked absent without leave. Plaintiff was denied his annual sick leave. Ultimately, a hostile work environment has been created by Defendant and Plaintiff's health has been severely affected.

As a result of the foregoing, Plaintiff suffered diminution of future employment opportunities, loss of wages, bonuses, and all other entitlements otherwise afforded federal employees. Plaintiff has been passed over for promotion and training opportunities which would assist with career advancement. In addition, Plaintiff has suffered extreme emotional distress, depression, loss of enjoyment of life and loss and damage to his business reputation.

**II.   Plaintiff Has Established Damages of $249,073.00**

In the Affidavit attached hereto, Plaintiff has established the amount of lost wages and damages. Plaintiff's damages are summarized as follows:

A. Loss of Wages

Plaintiff is employed as a Lead Dialysis, earning $46,387.00 a year. As a result of Defendants discriminatory and retaliatory actions, even though he is qualified, Plaintiff was overlooked for the Chief Technologist position earning $79,999.00 a year. The difference in earnings is $33,612.00 a year, since January 2004 through January 2008, totaling $134,448.00 of lost wages. The Chief Technologist position is the next step up from the Lead Dialysis position, which remains vacant.

B. Damages

As a result of the retaliatory practices and hostile work environment created by Defendants, Plaintiff was hospitalized and required cardiac treatment on two separate occasions. The resulting damages are as followed: 4 days hospital stay, $4500; medical bills, $6000; and expenses for medicine,

$9000, totaling of $19,500.00. Plaintiff was made to pay (75% of $19,500.00) $14,625.00 of which he received no insurance reimbursement. (*See* Medical Expenses[1], attached as Exhibit C).

As a further result of the foregoing, Plaintiff has also been caused to suffer extreme emotional distress, depression, loss of enjoyment of life, loss and damage to his business reputation which is estimated at $100,000.00.

### III. Summary of Damages

Damages are summarized as follows:

| Damages | Amount |
| --- | --- |
| Loss of Wages in 2004 | $33,612.00 |
| Loss of Wages in 2005 | $33,612.00 |
| Loss of Wages in 2006 | $33,612.00 |
| Loss of Wages in 2007 | $33,612.00 |
| Hospital Stay | $3,375.00 |
| Medical Bills | $4,500.00 |
| Expenses for Medicine | $6,750 |
| Emotional Distress | $100,000.00 |
| **TOTAL AMOUNT** | **$249,073.00** |

### IV. Conclusion

For all of the reasons set forth herein and based upon the affidavit in support of damages attached hereto as Exhibit D, Plaintiff requests entry of judgment against Defendant Nicholson, in the amount of $249,073.00.

s/Sheila S. York
SHEILA S. YORK
Attorney for Plaintiff
syork@sylvestersandwilliams.com
200 S. Wacker Dr., Suite 3100
Chicago, IL 60606

---

[1] The Medical Expenses attached are not exhaustive and continue to accumulate.

# CERTIFICATE OF SERVICE

On January 16, 2008, Sheila S. York hereby certifies that in accordance with Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing, the following documents were served pursuant to the district court's ECF system as to ECF filers:

**Notice of Motion and Plaintiff's Motion for Entry of Judgment**

R. James Nicholson, Secretary
Unites States Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC 20420

Patrick J. Fitzgerald
United States Attorney
Northern District of Illinois
219 S. Dearborn, Room 5000
Chicago, IL 60604

Alberto R. Gonzales,
Attorney General
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Dated: January 16, 2008

        s/Sheila S. York
        SHEILA S. YORK
        Attorney for Plaintiff
        syork@sylvestersandwilliams.com
        200 S. Wacker Dr., Suite 3100
        Chicago, IL 60606
        312-674-4593